IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTHEW DUNLAP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2573-D |
| | § | |
| JOSE ALCALA, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The court raises *sua sponte* that it lacks subject matter jurisdiction in this removed case, and it orders that defendant City of Mesquite ("the City") file a response within 14 days that demonstrates that the court has subject matter jurisdiction.[1]

I

Plaintiff Matthew Dunlap ("Dunlap") filed this lawsuit in Texas state court against defendants Jose Alcala ("Alcala") and the City,[2] alleging state-law claims for negligence and negligence *per se*. Dunlap later amended his petition to allege, *inter alia*, that

> Plaintiff was injured in the crash and was taken to the Mesquite

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Dunlap originally sued Alcala and the City of Mesquite Police Department. In his amended petition, he sues Alcala and the City of Mesquite.

> jail and was not taken to a medical facility for evaluation or treatment, further exacerbating his injuries, and depriving him of his due process rights, and to have medical evidence for his defense against unsupported allegations that he was intoxicated.

Am. Pet. ¶ 10. The City then removed the case to this court, contending that it was first put on notice that Dunlap was asserting federal claims when it was served with a copy of the amended petition.[3]

The City maintains that this lawsuit was properly removed because it involves a federal question. According to the City, "Plaintiff, a pre-trial detainee at the time of the incident, presents an inattention to medical needs claim which is a claim for deprivation of Constitutional rights under the Fourteenth Amendment to the U.S. Constitution by alleging an inattention to medical needs of a pre-trial detainee." Not. of Removal at 2 (footnote omitted).

II

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). In addition, the court is obligated under 28 U.S.C. § 1447(c) to remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" *Id.*; *see also Ansley v. HealthMarkets Inc.*, 416 Fed. Appx. 445, 448 (5th Cir. 2011) (per curiam) ("Section 1447(c) specifies that a case may be

---

[3]At the time the notice of removal was filed, Alcala had neither been served nor entered an appearance, and did not join in the notice of removal. On October 6, 2017 Alcala filed his answer.

remanded for lack of subject matter jurisdiction or a defect in removal procedure."). In fact, "the court must notice its own lack of subject matter jurisdiction *sua sponte*, if necessary." *TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 618 (N.D. Tex. 2007) (Fitzwater, J.). The court therefore raises *sua sponte* that it appears to lack federal question jurisdiction and that the case must be remanded.

III

"'Ordinarily, the well-pleaded complaint rule governs federal question jurisdiction. Under the rule, "[r]emoval is not possible unless the plaintiff's 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction."'" *Barrett v. Bank of Am., N.A.*, 2014 WL 2217337, at *2 (N.D. Tex. May 29, 2014) (Fitzwater, C.J.) (alteration in original) (quoting *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("A determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908))). The well-pleaded complaint "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Therefore, even if federal claims are available, the plaintiff may remain in state court by relying exclusively on state law. *See id.* If, on its face, the plaintiff's state-court petition contains no issue of federal law, there is no federal question jurisdiction. *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989).

The City contends that removal is proper because plaintiff was a pretrial detainee at the time of the incident and presents an inattention to medical needs claim, which is a claim for deprivation of Constitutional rights under the Fourteenth Amendment. This argument is misplaced. "A federal question claim does not exist simply because facts are available in the complaint to suggest such a claim." *Barrett*, 2014 WL 2217337, at *2 (citation omitted). Dunlap alleges only state-law claims for negligence and negligence *per se*. Although he refers to his "due process rights," he neither cites nor refers to the Fourteenth Amendment, any other amendment to the U.S. Constitution, or federal law. Nor do due process rights arise exclusively under federal law. Moreover,

> the fact that the [amended] petition contains allegations that *could* support a federal question claim is not controlling. A defendant cannot remove a case based on federal question jurisdiction by taking allegations made in support of a state-law claim and demonstrating how the same allegations would support a federal-law claim. The plaintiff is the master of [his] complaint, and [he] may, as [Dunlap] has done here, rely exclusively on state law, even if the same allegations would support a cause of action under federal law.

*Id.* at *3. Accordingly, the court raises *sua sponte* that it lacks subject matter jurisdiction and that this case should be remanded to state court.

IV

Because the court is raising *sua sponte* that it lacks subject matter jurisdiction over this case, it grants the City leave to file a response within 14 days of the date this memorandum opinion and order is filed. The City must demonstrate why the court should not remand this case to state court. The court will evaluate the City's response before deciding whether to invite Dunlap to file a reply brief. Nothing in this order, however, should be construed as precluding Dunlap from filing a motion to remand based on the grounds raised in this memorandum opinion and order.

\* \* \*

Accordingly, the court orders that, within 14 days of the date this memorandum opinion and order is filed, the City file a response demonstrating that this court has subject matter jurisdiction in this case. Otherwise, this case will be remanded to state court.

**SO ORDERED**.

October 11, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE